OPINION
{¶ 1} Douglas M. Sexton, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court addressed appellant's motion for an emergency interim custody order and motion for an order terminating the parties' shared parenting plan and awarding appellant sole custody of the minor children.
 {¶ 2} The parties were divorced on August 18, 2000, via an agreed judgment entry decree of divorce. Two children were born as issue of the marriage: Tucker, born *Page 2 
June 1, 1995; and Hunter, born February 11, 1997. Pursuant to the joint shared parenting plan incorporated into the agreed judgment entry decree of divorce, plaintiff-appellee, Leslie K. Sexton, was designated the residential parent for school placement purposes, appellant was ordered to pay $918, including processing charge, per month in child support, and appellant received the right to claim the children as dependents on his tax return. Pursuant to the parenting plan, appellee had custody of the children approximately 54 percent of the time.
 {¶ 3} On December 12, 2005, appellant filed a motion for ex parte emergency custody order due to appellee's hospitalization for a psychiatric illness, and the trial court granted such, which significantly reduced appellee's parenting time with the children. Appellant also requested an order terminating the parties' shared parenting plan and awarding appellant sole custody of the children. The parties filed an agreed order on January 10, 2006, giving appellee more parenting time with the children. While the aforementioned matters were pending, on May 27, 2006, appellant filed a motion for interim termination or reduction of child support based on the change in parenting time.
 {¶ 4} The parties eventually executed a shared parenting plan, filed September 16, 2006, which provided that appellant had the children for approximately 66 percent of the time, and appellant was designated the residential parent for school placement purposes. The issue of child support was left for the trial court to determine, and the allocation of the dependency tax exemption, pursuant to the shared parenting plan, was contingent upon the trial court's determination of child support.
 {¶ 5} The issue of child support was tried before the court in September 2006. On April 13, 2007, the trial court issued a judgment, in which it found appellant should pay *Page 3 
child support to appellee. The court determined that appellee was voluntarily underemployed and imputed income to her for the purpose of calculating child support. The court found that the amount as determined by utilizing the child support guidelines-$1,269.10 per month plus processing charge — would be inequitable, inappropriate, and not in the children's best interest. Therefore, the court determined that a downward deviation to $919.10 per month, plus processing fees, was fair and equitable. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING DEFENDANT-APPELLANT TO PAY CHILD SUPPORT TO PLAINTIFF-APPELLEE.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS CHILD SUPPORT CALCULATION AND THE DEVIATED CHILD SUPPORT AMOUNT ORDERED.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING THE PLAINTIFF-APPELLEE THE DEPENDENCY INCOME TAX EXEMPTION FOR BOTH OF THE PARTIES' MINOR CHILDREN IN ALL ODD NUMBERED YEARS.
 {¶ 6} Appellant argues in his first assignment of error that the trial court abused its discretion by ordering appellant to pay child support to appellee. Appellant points out several factors that weigh against ordering him to pay child support including his 66 percent parenting time and appellee's underemployment. Trial courts are given broad discretion in determining whether to modify child support orders.Woloch v. Foster (1994), 98 Ohio App.3d 806, 810. Therefore, a trial court's decision regarding a motion to modify a child support order will not be overturned absent an abuse of discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is *Page 4 
unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} We can find no abuse of discretion in the trial court's decision to order appellant to pay child support to appellee. While it is true that appellant enjoys 66 percent of the parenting time under the new shared parenting agreement, as compared to 46 percent under the prior agreement, such fact cannot be viewed without consideration of the other circumstances. Undoubtedly, appellant's daily expenses have increased with his increased parenting time; however, as appellee points out, although some of appellee's daily expenses may have decreased; other expenses will increase as a result of increased travel expenses and restaurant meals necessitated by the new parenting time schedule and the distance between the homes of the parties. Further, appellant's $104,000 income was substantially more than appellee's imputed income of $27,500, and the children's standard of living should not shift dramatically depending upon which parent happens to be exercising parenting time. For example, the parties do not exchange the children's clothing, and each must maintain a separate set of clothing for the children. Thus, despite appellant's increased parenting time, other factors make an award of child support reasonable and in the best interest of the children.
 {¶ 8} In addition, appellant complains that his child support obligation has now increased from $918 per month, inclusive of processing charges, to $937.48 per month, inclusive of processing charges, since the original support order despite that his parenting time has increased since the original order. However, it is important to recognize that appellant's gross income at the time of the original support order was $60,000, and his average gross income at the time of the present support order was approximately *Page 5 
$104,000. During this six-year period, appellee never sought to modify the child support order; thus, a recalculation of child support six years later would naturally result in a much higher support total based on his dramatic income increase alone. Appellant also complains that appellee is underemployed; however, the trial court addressed this issue and imputed income to appellee for purposes of calculating child support. We find the trial court did not abuse its discretion when it ordered appellant to pay child support to appellee. Appellant's first assignment of error is overruled.
 {¶ 9} Appellant argues in his second assignment of error that the trial court abused its discretion in calculating child support and in arriving at its deviation from that amount. Specifically, appellant contends that the trial court erroneously indicated on the child support guidelines worksheet that he was the obligor, even though he is the residential parent for school placement purposes and has the children in his care the majority of the time. Appellant further asserts that the trial court's 27.57 percent deviation from the child support guidelines worksheet amount was nothing more than a net subtraction of appellee's guideline obligation (if appellee were designated obligor) from appellant's guideline obligation (if appellant were designated obligor); thus, it does not appear that the trial court truly granted a deviation based upon the amount of time he spends with the children; appellant's financial responsibilities to his child from another marriage; appellee's voluntary underemployment; that appellee's family provides virtually all of her financial support to her; or that appellant provides additional financial contributions toward the minor children's extra-curricular activities and medical expenses.
 {¶ 10} With regard to appellant's first argument herein, appellant contends that the trial court erred in not designating him as the obligee and residential parent for purposes *Page 6 
of completing the child support guidelines worksheet. Appellant contends that he should have been considered the residential parent and not designated as the obligor on the worksheet because he is the residential parent for school placement purposes and has the children in his care for the majority of the time. Had the trial court designated appellant as the custodial parent and obligee, appellant argues, the guideline would have rendered a child support obligation owed by appellee in the amount of $348.82 per month, plus processing charges. This court recently discussed a similar argument in Cameron v. Cameron, Franklin App. No. 06AP-793, 2007-Ohio-3994. In Cameron, the father asserted that the trial court erred in designating the mother the residential parent and him the obligor for purposes of calculating child support under the guidelines worksheet in the context of a shared parenting arrangement. Id., at ¶ 13. Like appellant here, the father in Cameron was named the residential parent for school placement purposes and had a greater amount of parenting time than the mother under the shared parenting plan (approximately 55 percent).
 {¶ 11} In affirming the trial court's designation of the father as obligor in Cameron, we found that, while we were not bound by the decision in French v. Burkhart (May 22, 2000), Delaware App. No. 99CAF07038, that a trial court must provide specific facts to support its designation of a party as the "obligor" parent, the trial court did, nevertheless, provide sufficient support as to why it ordered the father to pay child support and, thus, be the "obligor." We found inCameron that, in naming the father the obligor for child support purposes, the trial court referred to its analysis of the deviation factors, including the "large" income disparity between the parties (the father's being $102,173 and the mother's being $35,252.33), and the mother's inability to maintain housing similar to the *Page 7 
father without child support. Cameron, at ¶ 14. The trial court inCameron also acknowledged that the father had slightly greater parenting time than the mother, but such did not dissuade the court from naming the father obligor.
 {¶ 12} Even more explicitly than the trial court in Cameron, in the present case, the trial court pointed out the reasons for maintaining an award of child support from appellant to appellee. Here, the trial court indicated that it was designating appellant the obligor because it was in the children's best interest, the parties had very disparate incomes, and it was necessary to allow the children to enjoy a similar standard of living in both of their parents' homes. These same reasons were cited in Cameron, and we find they also justify the trial court's decision to name appellant the obligor in the present case. It has been held that, where a trial court follows the statutory guidelines for calculating child support, designating one parent, particularly the one who earns significantly more than the other, as obligor in a shared parenting situation is not an abuse of discretion. See Fallang v. Fallang (1996),109 Ohio App.3d 543, 547.
 {¶ 13} In addition, the trial court here acknowledged that appellant enjoyed more parenting time than appellee. Just as this fact alone was not determinative in Cameron, the trial court here specifically indicated that it was not relying "too heavily" upon the time allocation between the parents. The trial court's determination is consistent with the Ohio Supreme Court's holding in Pauly, supra, at 390, that no automatic credit in the support order for the time the children reside with that parent is warranted, but, rather, the trial court should balance all the factors in what is now R.C. 3119.24 when a shared parenting plan is involved. The trial court explicitly considered the factor in R.C. 3119.24 regarding the time allocation between appellee and appellant, and we cannot say its decision to not *Page 8 
weigh the factor "too heavily" was an abuse of discretion. Therefore, after a review of the record, we find that the trial court did not abuse its discretion in designating appellant as "obligor" on the child support worksheet, and its findings and the record sufficiently supported its determination.
 {¶ 14} Appellant next argues that the trial court's 27.57 percent deviation from the child support guidelines worksheet amount was merely a net subtraction of appellee's guideline obligation as obligor from appellant's guideline obligation as obligor; thus, it does not appear that the trial court truly granted a deviation based upon the amount of time he spends with the children; appellant's financial responsibilities to his child from another marriage; appellee's voluntary underemployment; that appellee's family provides virtually all of her financial support to her; or that appellant provides additional financial contributions toward the minor children's extra-curricular activities and medical expenses.
 {¶ 15} The amount of child support calculated using the child support guidelines and worksheet is rebuttably presumed to be the correct amount of child support, although the trial court may deviate from that amount. R.C. 3119.03. R.C. 3119.24(A) applies in the case of shared parenting. Under that statute, the court may deviate from the amount of child support in the worksheet if it determines that the guideline amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria listed in R.C. 3119.23. R.C. 3119.24(B)(1) through (4) defines "extraordinary circumstances of the parents," and includes: (1) the amount of time the children spend with each parent; (2) the ability of each parent to maintain adequate housing for the children; (3) each parent's expenses, including child care expenses, *Page 9 
school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant; and (4) any other circumstances the court considers relevant.
 {¶ 16} As indicated above, R.C. 3119.24 provides that the trial court may use the factors set out in R.C. 3119.23 in determining the amount of the deviation. R.C. 3119.23 provides a list of the statutory criteria a court may consider when determining whether to deviate from the child support schedule, including: (A) special and unusual needs of the children; (B) extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination; (C) other court-ordered payments; (D) extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order; (E) the obligor obtaining additional employment after a child support order is issued in order to support a second family; (F) the financial resources and the earning ability of the child; (G) disparity in income between parties or households; (H) benefits that either parent receives from remarriage or sharing living expenses with another person; (I) the amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents; (J) significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing; (K) the relative financial resources, other assets and resources, and needs of each parent; (L) the standard of living and circumstances of each parent *Page 10 
and the standard of living the child would have enjoyed had the marriage continued or had the parents been married; (M) the physical and emotional condition and needs of the child; (N) the need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen; (O) the responsibility of each parent for the support of others; and (P) any other relevant factor.
 {¶ 17} In the present case, the trial court found that factors R.C.3119.23(A), (B), (C), (E), (F), (I), (L), (M), and (N) were not significant to the present case, while the remaining factors were pertinent. The trial court found that to order the guideline amount would seriously interfere with appellant's ability to meet his own financial obligations based upon his primary responsibility for the parties' children and a third child between him and his current wife. See R.C. 3119.23(D), (J), and (O). The trial court also noted in its decision that the parties have very disparate incomes, appellee's being imputed at $27,500 per year and appellant's being an average of approximately $104,000 per year. See R.C. 3119.23(G) and (K). Further, the trial court found that appellee testified she received virtually all of her own living expenses from her parents and siblings. See R.C.3119.23(H). In its decision, the court also noted that appellee's inability to provide for herself and her children was largely by her own choosing, in that appellee chose not to pursue her vocation as an elementary school teacher, despite that she is fully certified and educated to do so. See R.C. 3119.23(P).
 {¶ 18} Initially, it is important to note that a trial court's findings in support of a deviation need not be so specific as to support the particular numbers chosen by the court. Ohlemacher v.Ohlemacher, Lorain App. No. 04CA008488, 2005-Ohio-474, at ¶ 22; *Page 11 
see, also, Berthelot v. Berthelot, Summit App. No. 22819,2006-Ohio-1317, at ¶ 36-38 (there is no requirement for a dollar-for-dollar justification for deviations from the guidelines worksheet amount). Thus, on this basis alone, because the trial court followed the statutory factors and stated its bases and reasons for deviation, we could affirm the trial court's specific deviation absent an abuse of discretion.
 {¶ 19} Notwithstanding, appellant's speculation as to how the trial court might have arrived at its deviated child support amount cannot support an abuse of discretion finding. Appellant's contention that the trial court actually used the child support amount that appellee would have paid had she been named obligor to set off the child support amount that appellant was to pay as the named obligor is conjecture. A review of the trial court's decision indicates that the court cited the proper statutory law; specifically considered the deviation factors in R.C.3119.23; pointed to evidence in the record; and indicated that it was basing its deviation upon those factors. The trial court's factors supporting deviation, as explained above, are supported by the record. Therefore, we find the trial court did not abuse its discretion, and appellant's second assignment of error is overruled.
 {¶ 20} Appellant argues in his third assignment of error that the trial court abused its discretion by awarding appellee the dependency income tax exemption for the parties' children in all odd numbered years. Appellee contends that their agreed plan for shared parenting, which had already been approved by the court prior to the trial on child support, specifically indicated appellant would have the dependency exemption for both children in all years unless appellant determined he would not benefit by taking the exemption for one or both children in a given tax year. Appellant also points out that the agreed plan indicates that, if the court were to determine that no child support was *Page 12 
appropriate, then the provision in the agreed plan could be modified by the court. Thus, appellant maintains that, because the trial court did not determine that no child support was appropriate, he should be entitled to the dependency exemption for both children in all years, unless he determined that he would receive no benefit from doing so. We agree.
 {¶ 21} The plan for shared parenting is clear as to the parties' agreement on the issue of the tax dependency exemption:
 [T]he Father shall have the right to claim both children for income tax purposes, so long as he is substantially current in his child support obligation. Should the Father determine that he would not benefit by taking one or both of the children as deductions, he shall notify the Mother by March 15 so that she may utilize the deduction for that year only. Allowing Mother to claim the child(ren) in any given year does not waive Father's right to claim in subsequent year.
 * * *
 HOWEVER, IF THE COURT DETERMINES NO CHILD SUPPORT IS APPROPRIATE, THEN THIS PROVISION MAY BE MODIFIED BY THE COURT IN [ITS] DECISION.
Accordingly, the parties agreed in their shared parenting plan, which had been approved by the court, that appellant was to have the right to claim the children as dependents and contemplated the specific circumstances under which the court would be permitted to modify this provision.
 {¶ 22} The trial court approved an agreed judgment entry on October 24, 2006, in which it incorporated the plan for shared parenting, adopted the plan, and made the plan an order of the court. Although the trial court indicated in the entry that it would address the issue of child support in a separate decision, the entry gives no indication that the tax exemption portion of the shared parenting plan could be modified for any other reason *Page 13 
than that specifically identified in the plan. Because the trial court eventually found child support was appropriate and ordered such, the approved plan for shared parenting prohibited the trial court from modifying the exemption provisions of the plan.
 {¶ 23} In addition, R.C. 3119.82 applies to shared parenting cases. See, generally, Ankney v. Bonos, Summit App. No. 23178, 2006-Ohio-6009. R.C. 3119.82 provides, in pertinent part:
 Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. * * *
(Emphasis added.)
 {¶ 24} Thus, in the present case, it is clear that, because the parties agreed that appellant should be permitted to claim the children as dependents if child support was ordered, the trial court was required, pursuant to R.C. 3119.82, to designate appellant as the parent who could claim the children. Therefore, based upon the explicit language in the approved plan for shared parenting and the dictates of R.C. 3119.82, we find the trial court erred when it awarded appellee the dependency income tax exemption for the parties' children in all odd numbered years, and appellant's third assignment of error is sustained.
 {¶ 25} Accordingly, appellant's first and second assignments of error are overruled, and appellant's third assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in *Page 14 
part and reversed in part, and this cause is remanded to that court to modify the judgment to conform to the dependency provisions agreed upon in the plan for shared parenting.
Judgment affirmed in part and reversed in part; cause remanded withinstructions.
 BROWN, BRYANT and FRENCH, JJ., concur. *Page 1