[Cite as *Garner v. Boyd*, 2012-Ohio-1489.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BRENT RAY GARNER | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ANGEL MARIE BOYD | : | Case No. CT11-0050 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Domestic Relations Divison,
Case No. DE2010-0724


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            March 26, 2012


APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

BRIAN W. BENBOW                            D. SCOTT RANKIN

605 Market Street                                        45 North Fourth Street
Zanesville, OH  43701                                    Zanesville, OH  43701


*Farmer, J.*

{¶1}    On May 15, 2003, appellee, Angel Marie Boyd gave birth to a child.  The child's father is appellant, Brent Ray Garner.  On August 19, 2010, appellant filed a complaint for the allocation of parental rights and responsibilities.  Each party filed a shared parenting plan.  By judgment entry/shared parenting decree filed August 25, 2011, the trial court approved and adopted appellee's amended shared parenting plan wherein appellant was named the child support obligor and was ordered to pay $150.00 per month.

{¶2}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶3}    "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ORDERED APPELLANT/FATHER TO BE THE CHILD SUPPORT OBLIGOR WHEN APPELLANT/FATHER HAS THE CHILD IN HIS HOUSEHOLD MORE THAN APPELLEE/MOTHER UNDER THE SHARED PARENTING PLAN ADOPTED BY THE TRIAL COURT.   THE TRIAL COURT SHOULD HAVE INSTEAD ORDERED APPELLEE/MOTHER TO BE THE CHILD SUPPORT OBLIGOR AND ORDERED A MINIMUM SUPPORT ORDER PURSUANT TO R.C. 3119.06."

I

{¶4}    Appellant claims the trial court erred in determining the amount of his child support obligation because he has custody of the child under the shared parenting

agreement more than fifty percent of the time and therefore appellee should have been found to be the child support obligor.  We disagree.

{¶5}    A determination on child support lies in the trial court's sound discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶6}    Each party filed a shared parenting plan.  By judgment entry/shared parenting decree filed August 25, 2011, the trial court approved appellee's amended shared parenting plan.  The amended shared parenting plan included the following parenting time schedule:

{¶7}    "B. Physical Parenting Time Schedule. The child shall primarily reside with Father during the child's school year, with the Mother having parenting time from Friday 6:00 p.m. to Sunday at 6:00 p.m. the first three weekends over every month, unless there is a holiday that interferes with said parenting time that belongs to Father.

{¶8}    "C. The Father shall be designated residential parent for school purposes.

{¶9}    "D. Holidays. The parties shall exercise holiday parenting time as agreed with parenting time being no less than this Court's Standard Parenting Time Order with the Father being designated residential parent for purposes of allocating the holidays pursuant to this order unless otherwise agreed.

{¶10}   "E. Summer. [A.] shall primarily reside with mother during the summer with father having parenting time from Friday at 6:00pm until Sunday at 6:00pm the first

three weekends over every month during the summer, unless there is a holiday that interferes with said parenting time that belongs to Mother."

{¶11} The amended shared parenting plan included the following order on child support:

{¶12} "1) FATHER shall be the Child Support Obligor, MOTHER shall be the Child Support Obligee.   The children for whom the support is ordered are: [A.R.G.] d.o.b. 5/15/2003.

{¶13} "2) Applying the guidelines set forth in the Ohio Revised Code to the income information provided resulted in a zero child support obligation for Angel Marie Boyd and a child support obligation of $351.06 per month for Brent Ray Garner as evidenced by the *child support worksheets attached hereto* as Exhibits A and B.  In considering the provisions of the Shared Parenting Plan the Court finds that a child support order wherein Brent Ray Garner is the child support Obligor, Angel Marie Boyd is the child support Obligee for the benefit of the minor child [A.R.G.] is appropriate in the amount of $150.00 per month plus processing charge."  (Emphasis *sic.*)

{¶14} As per the child support worksheet, the household income after child support was $22,422.40 for appellant and minus $3,721.60 for appellee.  The actual amount for child support without a deviation would have been $351.06.  By ordering $150.00 per month, the trial court deviated by more than 57%.  The actual parenting time would be a ratio of nine to three or two-thirds of the time with appellant and one-third of the time with appellee.

{¶15} The child support worksheet lists mother's income in the negative and her obligation for child support was zero.  Appellant argues because he has the child two-

thirds of the time, appellee should provide minimum child support of $50.00 pursuant to R.C. 3119.06 which states:

{¶16} "Except as otherwise provided in this section, in any action in which a court issues or modifies a child support order or in any other proceeding in which a court determines the amount of child support to be paid pursuant to a child support order, the court shall issue a minimum child support order requiring the obligor to pay a minimum of fifty dollars a month.  The court, in its discretion and in appropriate circumstances, may issue a minimum child support order requiring the obligor to pay less than fifty dollars a month or not requiring the obligor to pay an amount for support.***"

{¶17} From our review, we find the trial court specifically tailored the parenting time and the child support obligation to the specific needs and conditions of the parties. We find no abuse of discretion in the child support obligation given the fact that the residential parent with the lesser time has negative income per the worksheet.

{¶18} The sole assignment of error is denied.

{¶19} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ John W. Wise_____

JUDGES

SGF/sg 217

[Cite as *Garner v. Boyd*, 2012-Ohio-1489.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRENT RAY GARNER | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANGEL MARIE BOYD | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. CT11-0050 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ John W. Wise_____

JUDGES