[Cite as *McCracken v. McCracken*, 2014-Ohio-1411.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| PENNY MCCRACKEN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00223 |
| THOMAS MCCRACKEN, JR. | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2005DR01376

JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 31, 2014


APPEARANCES:

For Plaintiff-Appellant

DAVID AKE
301 FirstMerit Building
4481 Munson St. N.W.
Canton, OH 44718

For Defendant-Appellee

PAUL HERVEY
116 Cleveland Ave. N.W., Ste. 802
Canton, OH 44702

*Gwin, P.J.*

{¶1}  Appellant appeals the November 5, 2013 judgment entry of the Stark County Common Pleas Court, Domestic Relations Division, granting appellee's motion to modify child support.

*Facts & Procedural History*

{¶2}  Appellant Penny McCracken and appellee Thomas McCracken, Jr. divorced on June 9, 2006.  Appellant and appellee are the parents of two minor children, both born on September 30, 1999.  In the June 9, 2006 judgment entry granting the divorce, the trial court found shared parenting of the children to be appropriate and adopted a modified shared parenting plan.  At the time of the divorce, appellee's gross income was $36,930 and appellant's gross income was $51,227.  In 2006, appellant was found to be the obligor for child support purposes.  However, the trial court made a downward deviation in her child support obligation due to her parenting time and ordered appellant to pay $166.66 per month in child support, per child.  Appellant did not appeal the June 9, 2006 judgment entry finding her to be the obligor for purposes of child support.

{¶3}  On June 14, 2013, appellant filed a motion to modify visitation and child support.  Appellant sought to restrict appellee's visitation, terminate child support, name appellant as the custodial parent, and requested child support from appellee.  On July 31, 2013, appellee filed a motion to modify child support based on the current financial affidavits of the parties.  The trial court held a hearing on the motions on November 4, 2013.  Appellant withdrew her motion to modify or terminate shared parenting.  The parties stipulated to the fact that appellant has 57% of the parenting time and appellee

has 43% of the parenting time. Further, for purposes of child support calculations, the parties stipulated that appellant's current income is $80,366 per year and appellee's income is $42,513 per year. The only change in living arrangements since 2006 is that appellant's boyfriend moved in with her.

{¶4} The trial court issued a decision on November 5, 2013. The trial court noted appellant's counsel argued "that to force [appellant] to continue to pay child support is the equivalent of requiring her to continue to pay spousal support." However, the trial court stated, "[t]he Court disagrees. Mother has more income in her home. The parties have shared parenting and it makes no sense to transfer cash from Father to Mother. Mother will continue as obligor." The trial court attached to its entry a child support computation worksheet. As the trial court did in 2006, it found the child support computation worksheet amount to be unjust, inappropriate, and not in the children's best interest due to the time allocation in the shared parenting. Thus, appellant again received the same approximately 50% downward deviation she received in 2006 due to the allocation of shared parenting time. The trial court ordered appellant to pay $244.18 per child per month, plus a 2% processing fee when medical insurance is provided, and $233.55 per month per child plus $96.79 cash medical when medical insurance is not provided.

{¶5} Appellant appeals the November 5, 2013 judgment entry and assigns the following as error:

{¶6} "I. THE TRIAL COURT ERRED IN FINDING THE APPELLANT TO BE THE OBLIGOR FOR CHILD SUPPORT PURPOSES."

I.

{¶7}   Appellant argues the trial court erred in determining the amount of the child support obligation because appellant should not have been found to be the child support obligor and because the trial court improperly utilized child support as a means of ordering appellant to pay spousal support.  We disagree.

{¶8}   Trial courts are given broad discretion in determining whether to modify child support orders and determining child support.  *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030 (1989).  Therefore, a trial court's decision regarding a motion to modify a child support order will not be overturned absent an abuse of discretion.  *Id.*  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶9}   Child support is generally calculated using the child support guidelines and worksheet.  R.C. 3119.03.  This figure is rebuttably presumed to be the correct amount of child support, although the trial court may deviate from that amount.  R.C. 3119.03.  R.C. 3119.24 applies in the case of shared parenting and provides the trial court may deviate from the amount of child support in the worksheet if it determines the guideline amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors in R.C. 3119.23.  Extraordinary circumstances of the parents include (1) the amount of time the children spend with each parent; (2) the ability of each parent to maintain adequate housing for the children;

(3) each parent's expenses * * *; and (4) any other circumstances the court considers relevant. R.C. 3119.24(2)(B).

{¶10} When deviating from the amount of child support determined in the worksheet, a court should consider the factors in R.C. 3119.23, including the disparity in income between parties or households; the need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen; and any other factor the court deems relevant. R.C. 3119.23(G), (N), and (P).

{¶11} In this case, the trial court states its decision to maintain appellant as obligor is because appellant has more income in her home. The parties stipulated to the incomes of $80,366 per year for appellant and $42,513 per year for appellee. "It has been held that, where a trial court follows the statutory guidelines for calculating child support, designating one parent, particularly the one who earns significantly more than the other, as obligor in a shared parenting situation is not an abuse of discretion." *Sexton v. Sexton*, 10th Dist. Franklin No. 07AP-396, 2007-Ohio-6539. In this case, we find the trial court specifically tailored the parenting time and child support obligation to the specific needs and conditions of the parties. See *Garner v. Boyd*, 5th Dist. Muskingum No. CT11-0050, 2012-Ohio-1489. Appellant is designated obligor because the trial court found it was in the children's best interest, the parties had disparate incomes, and it was necessary to allow the children to enjoy a similar standard of living in both homes. Appellant received a downward deviation due to the time allocation in shared parenting. Upon review of the record, we find no abuse of discretion in the child

support obligation and the trial court's continued designation of appellant as child support obligor.

{¶12} We further find the trial court did not improperly utilize child support as a means of awarding appellee spousal support. In its judgment entry, the trial court specifically stated it "disagreed" with appellant's contention "that to force [appellant] to continue to pay child support is the equivalent of requiring her to continue to pay spousal support." As noted above, appellant's income is approximately twice that of appellee. When the trial court completed the child support computation worksheet utilizing the numbers stipulated to by the parties, appellant's child support obligation increased proportionally to the increase in her income. The trial court utilized R.C. 3119.24 to deviate from this higher amount due to the time allocation in the shared parenting plan and ordered a downward deviation proportionally similar to the deviation she received in 2006. We find the child support amount and the deviation from this amount to be supported by the record and the factors listed in R.C. 3119.23 and R.C. 3119.24, and are not utilized by the trial court to improperly award spousal support to appellee.

{¶13} Based on the foregoing, appellant's assignment of error is overruled. The November 5, 2013 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur